### 43405. CARGILL v. THE STATE.
(347 SE2d 559)

HUNT, Justice.

Thomas P. Cargill was indicted along with his brother David for the point-blank killing of Cheryl Williams, a service station attendant, and her husband, Danny, during an armed robbery which netted them about $480. David was convicted and received the death penalty. We affirmed. *Cargill v. State,* 255 Ga. 616 (340 SE2d 891) (1986). The defendant here, Thomas, was separately convicted on two murder counts and two armed robbery counts and received consecutive life sentences.[1] He appeals raising two enumerations of error: the sufficiency of the evidence and lack of discretion in the trial court to fix the sentences consecutively.

A complete review of the pertinent facts need not be reiterated here because they are fully set out in *Cargill v. State,* supra. The defendant and his brother stole a truck from Alabama, then staked out the Premium Oil service station in Muscogee County waiting until the victim was there alone. When they returned, however, her husband had joined her, and David killed both of them to avoid being identified. After they were arrested, the defendant confessed and implored his brother to admit to the killings so that he too would not get the death penalty. They were indicted for 2 counts of murder and 2 counts of armed robbery, having taken nearly $500 in cash and a knife from the victim, Danny Williams.

1. There is little dispute that the brothers planned the armed robbery and carried it out. The defendant contends, however, that he did not know that his brother intended to kill any potential witnesses.

---

[1] Thomas P. Cargill was indicted on March 26, 1985, for the crimes which occurred on January 22, 1985. The trial began on September 30, 1985, and the verdicts were returned on October 4. No motion for rehearing was made but a notice of appeal was filed on November 1. The case was docketed here on April 17, 1986, and submitted for decision on May 30, 1986.

David Cargill admitted that it was he who shot the witnesses, and his former wife testified that she had heard him say prior to the incident that he did not intend to leave any witnesses. Thus, the defendant argues that the evidence does not support the verdicts against him for the malice murder of the victims. We disagree.

OCGA § 16-2-20 provides that: "(a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of the commission of the crime. (b) A person is concerned in the commission of a crime only if he: . . . (3) intentionally aids or abets in the commission of the crime." Under this Code section, as parties to a crime, participants may be convicted of a crime even though they are not the actual perpetrator. *Thomas v. State*, 255 Ga. 38, 41 (334 SE2d 675) (1985). This principle is applicable here. Under these facts, the defendant's involvement in the criminal enterprise would authorize a jury to find him guilty of malice murder. *Scott v. State*, 229 Ga. 541, 542 (192 SE2d 367) (1972); *Dixon v. State*, 243 Ga. 46, 47 (252 SE2d 431) (1979). As we said in *Strong v. State*, 232 Ga. 294, 298 (206 SE2d 461) (1974), "[i]t matters not whether it was appellant or [his accomplice] who actually fired the gun during the robbery which resulted in [the victims'] death. The act of one was the act of the other in the commission of the armed robbery and the ensuing death which resulted therefrom." Thus, the evidence supports the verdicts for murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, the defendant contends the trial court exceeded the limits of its discretion in sentencing him to four consecutive life terms. He relies on *Anglin v. State*, 244 Ga. 1 (1) (257 SE2d 513) (1979), in arguing that when the jury rejected the death penalty and recommended mercy without specifying that the life sentences run consecutively, the trial court was without authority to make these sentences consecutive to each other. *Anglin v. State*, supra, however, was overruled in *Welch v. State*, 254 Ga. 603 (2) (331 SE2d 573) (1985), and does not control here. OCGA § 17-10-10.

*Judgment affirmed. All the Justices concur.*

Decided September 3, 1986.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General*, for appellee.