## 76651, 76652. JOHNSON et al. v. THE STATE.

(373 SE2d 93)

Pope, Judge.

Defendants Jerry and Tony Johnson are brothers. They both were convicted of two counts of aggravated assault. Jerry Johnson was also convicted of escape.

1. The record shows that in response to the statutory question concerning whether any juror had formed an opinion concerning the

guilt or innocence of the defendants, one of the prospective jurors answered, "Yes sir. I was a Valdosta police officer and I know both of the Johnson boys." Both defendants contend the trial court erred in denying a motion for mistrial on the ground the statement made by the prospective juror in the presence of other jurors during voir dire was prejudicial and improperly placed their characters into evidence.

We hold the court did not err in denying mistrial. First, the appropriate remedy for correcting an error in the process of selecting a jury is disqualification of the jury, not the granting of a mistrial. See *Moore v. State*, 156 Ga. App. 92 (1) (274 SE2d 107) (1980). Even so, the juror's statement would provide no ground for disqualifying the jury. This court has held that testimony by a police officer that he knew the defendant from a previous court proceeding does not place a defendant's character in evidence so as to require the granting of a mistrial. *Williams v. State*, 158 Ga. App. 867 (282 SE2d 419) (1981). Here, the prospective juror's statement did not refer to any previous criminal proceeding but merely stated that the juror, a former police officer, knew the defendants. The juror's statement did not wrongly place the defendants' characters at issue and provided no ground for disqualifying the jury. See *Coates v. State*, 165 Ga. 191 (140 SE 287) (1927).

2. We disagree with defendant Tony Johnson's contention that the verdict against him is unsupported by the evidence. The victim was a cashier at a convenience store. The evidence construed in the light most favorable to the verdict shows defendant Johnson made a threat against the victim as he exited the store. When he was outside, he rapped on the window and the victim went outside to tell him to leave. Once outside the store, the victim was confronted by Tony's brother Jerry. The victim pushed Jerry Johnson who then assaulted the victim with a bicycle. The victim pulled a knife and attempted to back into the store. At Jerry Johnson's instruction, Tony Johnson held the victim from behind while Jerry Johnson beat him. The knife fell out of the victim's hand. After the three had scuffled, the victim got up off the ground and turned to walk back into the store. Jerry Johnson then stabbed the victim with the knife.

A person is a party to a crime if he "[i]ntentionally aids or abets in the commission of the crime . . . ." OCGA § 16-2-20 (b) (3). By holding the victim while his brother beat him, defendant Tony Johnson was clearly an aider and abetter in the beating. As an aider and abetter, the act of one party was the act of the other in the commission of the assault. When this fist fight turned into a knife fight, both parties became guilty of aggravated assault. See *Cargill v. State*, 256 Ga. 252 (347 SE2d 559) (1986) (where the defendant, brother of the actual killer, knowingly participated in robbery but claimed he did not know his brother intended to kill the potential witnesses; never-

theless, the defendant's involvement in the criminal enterprise authorized the jury to find him guilty of murder). The evidence was sufficient to support the verdict against defendant Tony Johnson.

3. Defendant Tony Johnson also argues the trial court erred in denying his request for a continuance to afford him the opportunity to obtain counsel. "A motion for continuance is addressed to the sound discretion of the trial court and the refusal to grant a continuance will not be disturbed unless there is a clear abuse of discretion." *Young v. State*, 237 Ga. 852, 855 (230 SE2d 287) (1976). The party moving for continuance must show he used due diligence. OCGA § 17-8-20. Defendant admitted upon questioning by the trial court that his request for appointed counsel had twice been denied and that he had been instructed of the necessity to obtain counsel to represent him. The trial court did not abuse its discretion in denying defendant's motion for continuance because the record shows defendant "had utterly disregarded the trial court's instructions to obtain counsel . . . ." *Hendrix v. State*, 145 Ga. App. 170, 171 (243 SE2d 112) (1978).

*Judgments affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 15, 1988.

*Patricia M. Karras*, for appellant (case no. 76651).
*Robert D. Culliver*, for appellant (case no. 76652).
*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.