## S95A1467. ROYAL v. THE STATE.
(465 SE2d 662)

HINES, Justice.

Forrest Royal was convicted of felony murder while in the commission of an aggravated assault, kidnapping with bodily injury, and possession of a firearm during the commission of certain crimes in connection with the stabbing death of Jabee W. Johnson, Jr.[1]

The evidence at trial, considered in the light most favorable to the verdict, showed that Royal forced at gunpoint Johnson and another man to go to Royal's house because Royal believed the pair to be responsible for taking a cache of drugs from his home. Viola Daniels and another woman who sold drugs for Royal were waiting at the house when the men arrived. Royal fired his gun into the floor to force Johnson to undress. While undressing, Johnson threw his knife

---

[1] The crimes occurred on June 15, 1991. Royal was indicted on February 25, 1992, for malice murder, felony murder while in the commission of an aggravated assault, kidnapping with bodily injury, possession of a firearm during the commission of certain crimes, and possession of a firearm by a convicted felon. An order of nolle prosequi was entered on the charge of possession of a firearm by a convicted felon. Royal was tried on September 7-8, 1993, and was acquitted of malice murder and found guilty of the three remaining charges. On October 7, 1993, Royal was sentenced to concurrent terms of life imprisonment for the felony murder and the kidnapping and five consecutive years of incarceration for the firearms charge. A motion for new trial was filed on November 8, 1993, and denied on March 28, 1995. Royal filed a motion to supplement the record on March 29, 1995. Following supplementation of the record, the motion for new trial was denied on April 25, 1995. The notice of appeal was filed on May 23, 1995, and the appeal was docketed in this Court on June 13, 1995. The case was argued on September 18, 1995.

onto a daybed. Daniels picked up the knife. A plastic bag containing drugs fell from Johnson's underclothing. Johnson and Royal struggled for Royal's gun. Daniels joined the fray, and urged on by Royal, attempted to force Johnson to let go of the gun. Johnson was stabbed numerous times. He was found clad in his underwear and covered in blood. In route to the hospital, Johnson told paramedics that Royal had stabbed him. Johnson bled to death from approximately 20 stab wounds.

1. Royal contends that his felony murder conviction cannot stand because the evidence was insufficient to prove he committed the charged underlying felony of aggravated assault by stabbing. He maintains that there was no evidence that he wielded the knife, or that he knew Daniels possessed the knife or would use it on Johnson.

Even if Royal did not wield the knife himself and directly inflict the knife wounds, the evidence was sufficient to hold Royal criminally responsible for the fatal stabbing. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The jury was authorized to find that Royal was the aggressor, and that what began as his aggravated assault with a gun against Johnson became a joint aggravated assault on Johnson with the knife. See *Brooks v. State*, 265 Ga. 548 (1) (458 SE2d 349) (1995). If the assault with the knife is viewed as separate and apart from the assault with the gun, Royal is still liable for the stabbing as an aider and abettor for there was evidence that he actively encouraged Daniels to force the gun away from the victim. OCGA § 16-2-20; see *Cargill v. State*, 256 Ga. 252 (1) (347 SE2d 559) (1986); *Dixon v. State*, 243 Ga. 46 (1) (252 SE2d 431) (1979); see also *Johnson v. State*, 188 Ga. App. 411, 412 (2) (373 SE2d 93) (1988).

2. Royal contends that he was denied the right to a complete examination of a prospective juror on a matter related to the relationship or acquaintance of the juror with the parties or counsel as guaranteed by OCGA § 15-12-133. He claims such right was abridged when a juror on voir dire failed to affirmatively respond to his counsel's question as to whether or not any juror knew anyone who worked for the district attorney's office, when in fact, the juror knew the circuit's chief assistant district attorney, Smith. He urges that the juror's service injected harmful error into his trial. We disagree.

In order for a defendant to secure a new trial in the situation in which defense counsel lacked an item of information which objectively counsel should have obtained from a juror on voir dire, the defendant must show that the juror on voir dire failed to honestly answer a material question and that a correct response would have been a valid basis for challenge for cause. *Isaacs v. State*, 259 Ga. 717, 740 (44) (e) (386 SE2d 316) (1989). Accord *Stiles v. State*, 264 Ga. 446, 448 (3) (448 SE2d 172) (1994); *Gardiner v. State*, 264 Ga. 329, 333 (3) (444 SE2d 300) (1994); *Poole v. State*, 262 Ga. 668, 669 (2) (424 SE2d

275) (1993). See also *Gainesville Radiology Group v. Hummel*, 263 Ga. 91 (428 SE2d 786) (1993). Here, the undisputed evidence was that the juror was truthful in failing to respond to the question of whether or not he knew anyone working for the district attorney's office. The juror knew that Smith was a lawyer but did not know that she was a member of the district attorney's office. His only relationship with Smith, and in fact his only known prior encounters with her, stemmed from his having painted her residence two or three years prior to Royal's trial. Smith was not trial counsel in Royal's case and had no knowledge that she was acquainted with a member of the jury. Most significantly, the juror's acquaintanceship with Smith was of no moment in regard to the juror's determination of the case because the juror first became aware that Smith was associated with the district attorney's office when Smith entered the courtroom after the completion of Royal's trial and the juror saw her as he was leaving with the rest of the dismissed jury.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Michael C. Garrett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.