## A96A2090. REVERA v. THE STATE.
### (477 SE2d 849)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated assault (with intent to murder), aggravated assault (three counts), aggravated battery, cruelty to children, burglary, and terroristic threats. The evidence revealed that on March 5, 1995, defendant argued with the then 16-year-old daughter of defendant's girl friend (the victim). Defendant had been drinking gin and had already argued with the victim's mother. Defendant "got up from the couch and he pulled a [kitchen] knife out from behind his back[, . . .] and he came towards [the victim]." "[H]e raised the knife and started stabbing." He repeatedly stabbed and cut her, leaving wounds on both arms, her left leg, and her chest. The tip of the knife blade broke off in the victim's arm. The victim's left arm remained "numb. [She did not] have feeling in [that] arm. . . ."

Fleeing defendant, the victim ran to the nearby residence of Melissa Faye Watkins, who observed as "[defendant came] running in behind her [the victim] chasing her with a knife saying, 'Where's that slut? I'm gonna kill her.' And then he said [to Melissa Faye Watkins,] 'I'm not gonna hurt you.'" Melissa Faye Watkins "yelled so loud [that] her boyfriend] Shawn [Milsap] came out of the bathroom." Defendant wielded the knife so as to threaten Shawn Milsap with stabbing.

Defendant's motion for new trial was denied and this appeal followed. *Held*:

1. Defendant first contends the trial court erred in allowing the State "to use a privileged communication between the [defendant] and his investigator generated as part of the attorney-client relationship in order to refresh a witness' memory that allowed him to testify to facts that he otherwise did not remember[.]"

The record reveals that defendant raised the defense of mental illness, relying in part upon the testimony of Dennis Lloyd Herendeen, Ph.D., "a licensed psychologist in the State of Georgia." Dr. Herendeen diagnosed defendant as having "a dissociative disorder not otherwise specified." "This was not a fugue state. It was not psychogenic amnesia. [Defendant] does not have multiple personalities. It was a breakdown in the existing personality structure that resulted in a dissociation process. So that he was acting in a way that was not coherent or purposeful or rational." "The nature of [defendant's] illness prevents him from . . . remembering what happened."

The State's Attorney then showed Dr. Herendeen State's exhibit 34, "a statement which has been provided . . . by the Defense counsel purporting to have been from [defendant]." It appears that this statement was given to an investigator for defense counsel. This exhibit was not tendered into evidence. But over defendant's objection that this statement was privileged under the "attorney/client privilege, where statements that are obtained as part of the Defense file is concerned," Dr. Herendeen was permitted to review this document to refresh his present recollection. The trial court determined that any privilege had been waived because the defense elected to proceed under the criminal discovery procedures, OCGA § 17-16-1 et seq.

Dr. Herendeen affirmed that the statement does "refresh [his] memory as to some of the specifics which [defendant] provided [Dr. Herendeen] concerning the incident[.]" Thereafter, Dr. Herendeen related from his personal recollection the version of events defendant had recounted to him, including defendant's description of when he "went in the kitchen and got a knife. [Defendant] remembers coming out and at that point he remembers being in a fog and started to feel like things were off at a distance and not being able to — what [Dr. Herendeen] interpret[s] as perceptual distortions started occurring at that point in time. . . . [Defendant's actual] words were something like, 'I remember seeing — like everything was blurry and in slow motion.' And there was a time distortion. Often people in dissociative states have time distortions."

OCGA § 24-9-24 provides in part: "Communications to any attorney or to his employee to be transmitted to the attorney pending his employment or in anticipation thereof shall never be heard by the

court. The attorney shall not disclose the advice or counsel he may give to his client, nor produce or deliver up title deeds or other papers, except evidences of debt left in his possession by his client." The privileged nature of a confidential communication is not lost or waived even if the attorney should voluntarily or inadvertently produce a transcript of the communication. *McKie v. State*, 165 Ga. 210 (hn. 3) (140 SE 625). Consequently, in the case sub judice, the trial court erred in permitting the State, on cross-examination, to have the defense psychologist refresh his recollection (thereby effectively impeaching defendant) by use of a privileged and confidential communication to the attorney's investigator.

Nevertheless, the testimony of Dr. Herendeen as thus impermissibly refreshed is entirely consistent with, and cumulative of, other competent evidence that defendant recalled details of his vicious knife attack on his girl friend's daughter. Michael Clark Helton, M. D., a forensic psychiatrist, testified that defendant "recalled . . . getting up, walking to the kitchen, grabbing the knife, going back into the living room, holding the knife at his side as he went back into the room, that the [victim] was still yelling at him, harassing him and that then in the middle of her . . . yelling at him he then began to stab her. And he said he felt like it was in slow motion. That is again a feature of being somewhat detached from the emotional content of what's going on." "The cumulative nature of [Dr. Herendeen's testimony in the case sub judice even though impermissibly refreshed by use of a confidential and privileged] statement renders [the] error in its admission harmless. *McLendon v. State*, 259 Ga. 778 (387 SE2d 133) (1990); *Foster v. State*, 258 Ga. 736, 742 (8) (b) (374 SE2d 188) (1988)." *Miller v. State*, 260 Ga. 191, 193 (5), 194 (391 SE2d 642). Accord *Assad v. State*, 195 Ga. App. 692, 693 (2) (394 SE2d 617).

2. The timely filed enumerated error poses the question whether "Appellant's trial counsel [is] guilty of ineffective assistance of counsel by giving to the [State] privileged information generated as part of the attorney-client privilege?"

This enumeration "fail[s] to specify any error alleged to have been committed by the trial court. See OCGA § 5-6-51 (4)." *Robinson v. State*, 210 Ga. App. 278, 279 (2) (435 SE2d 718). Defendant invoked no ruling by the trial court on this question, for aught that appears of record. This Court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court. *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275). In our view, defendant's "failure to raise a claim of ineffectiveness before appeal under the circumstances of this case is a procedural bar to raising the claim [for the first time on appeal]." *Glover v. State*, 266 Ga. 183 (2), 184 (465 SE2d 659). Consequently,

this enumeration presents nothing for review.
*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 21, 1996 —
RECONSIDERATION DENIED NOVEMBER 4, 1996.

*David M. Rosenberg*, for appellant.
*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.