## S01A0987. GLOVER v. THE STATE.
### (552 SE2d 804)

FLETCHER, Chief Justice.

A jury convicted James Edward Glover of felony murder in connection with the shooting death of Tony Ledell Leslie.[1] Glover contends that he is entitled to a new trial on the grounds of juror misconduct because the foreman failed to reveal during voir dire that he had previously worked in law enforcement and he discussed sentencing during jury deliberations. The trial court denied the motion for a new trial without explanation. Because Glover presents no valid reason for challenging the juror for cause or for permitting jurors to impeach

---

[5] Id. at 694.

[6] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[1] The shooting occurred on April 4, 1998. Glover was indicted on July 14, 1998. The jury found him guilty on December 16, 1998, and the trial court sentenced him to life imprisonment on December 17, 1998. Glover filed a motion for a new trial on January 18, 1999, which was denied on October 18, 1999. Glover was granted a motion for out-of-time appeal and filed an amended notice of appeal on March 31, 2000. The case was docketed in the clerk's office on March 29, 2001, and submitted for decision on briefs on May 21, 2001.

their verdict, we affirm.

1. The evidence presented at trial shows that Glover and his wife went to Leslie's house to collect a debt. After Leslie accused Glover of being disrespectful to his mother, the two men began arguing and wrestling in the front yard. The victim's next-door neighbor heard Glover say to forget about the money and then saw Leslie, who weighed 300 pounds, push Glover and walk towards the house. Glover went to his car, got a gun from the back seat, and started shooting Leslie. The victim's stepfather heard three shots and saw Glover chasing Leslie and continuing to shoot as they ran. The victim ran into the house, and Glover drove away in his car. Leslie was shot three times and died from a gunshot wound to his back. Police recovered six nine-millimeter cartridge cases from the yard and one from Glover's car. They found the murder weapon later that night in a motel room that the Glovers had rented.

Glover admitted shooting Leslie, but contended he shot in self-defense. Glover's wife testified that Leslie hit Glover, knocking him down, and continued to beat and kick Glover all the way to their car. When Glover reached for his gun, Leslie grabbed the gun case and spun around. The two men were struggling when Glover started shooting. Mrs. Glover did not see Leslie with any weapon. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Glover guilty of the crime charged.[2]

2. To be entitled to a new trial based on a voir dire examination, a defendant must show that (1) the juror failed to answer honestly a material question on voir dire and (2) a correct response would have provided a valid basis for a challenge for cause.[3] The rationale for this rule is that a "trial represents an important investment of private and social resources, and it ill serves the important end of finality to wipe the slate clean simply to recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on *voir dire* examination."[4]

On the first issue, the record is unclear about whether Sanford Wise, the juror who served as foreman, was asked about his prior law enforcement experience. Defense counsel asked only one of the two jury panels if any family member, close friend, "or yourself" had

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Royal v. State*, 266 Ga. 165, 166 (465 SE2d 662) (1996); *Gainesville Radiology Group v. Hummel*, 263 Ga. 91, 92-94 (428 SE2d 786) (1993); see also *Isaacs v. State*, 259 Ga. 717, 741 (386 SE2d 316) (1989) (adopting rule from *McDonough Power Equipment v. Greenwood*, 464 U. S. 548 (104 SC 845, 78 LE2d 663) (1984)).

[4] *McDonough*, 464 U. S. at 555.

worked in law enforcement. The record does not show on which panel Wise served.

Even if Wise were on the panel questioned about jurors' personal experience in law enforcement, Glover has failed to meet his burden on the second issue. Although we have adopted the rule that a full-time police officer who is challenged for cause in a criminal case must be excused,[5] we have declined to extend the rule to other law enforcement personnel who are not sworn officers and do not have the power to arrest.[6] Thus, we have found no error when the trial court in criminal cases refused to strike for cause prospective jurors who worked as corrections officers, security guards, and law enforcement instructors or who had previously worked as a sworn police officer.[7] Because a juror's prior experience in law enforcement is not a valid ground for a challenge for cause, we hold that Glover is not entitled to a new trial based on Wise's failure to disclose that he had worked previously in law enforcement.

3. The general rule in this state is that jurors may not impeach their own verdict.[8] There are exceptions when "extrajudicial and prejudicial information has been brought to the jury's attention improperly, or where non-jurors have interfered with the jury's deliberations."[9]

We conclude that any statement that Wise made concerning Glover's possible sentence is not the type of outside information that is so prejudicial that the verdict is inherently lacking in due process. Unlike other cases in which a conviction has been reversed, there was no discussion between the jury and a non-juror about the sentence[10] and the extrajudicial information was not the result of a juror independently researching the law[11] or gathering evidence.[12] Moreover, the jurors testified that they based their verdict on the evidence presented at trial and the trial court's charge, rather than on their

---

[5] See *Hutcheson v. State*, 246 Ga. 13, 14 (268 SE2d 643) (1980).

[6] See *Mosher v. State*, 268 Ga. 555, 557 (491 SE2d 348) (1997).

[7] See *Pace v. State*, 271 Ga. 829, 835 (524 SE2d 490) (1999) (corrections officer and security guard); *Barnes v. State*, 269 Ga. 345, 351 (496 SE2d 674) (1998) (corrections officer and firefighter married to police officer); *Mosher*, 268 Ga. at 557 (firearms instructor who previously worked as a sworn police officer with three different departments).

[8] See OCGA § 17-9-41.

[9] See *Spencer v. State*, 260 Ga. 640, 643 (398 SE2d 179) (1990).

[10] See, e.g., *Turpin v. Todd*, 271 Ga. 386, 389-390 (519 SE2d 678) (1999) (vacating death sentence due to an improper communication between bailiff and jury about parole eligibility).

[11] See *Steele v. State*, 216 Ga. App. 276 (454 SE2d 590) (1995) (juror copied encyclopedia's definitions of manslaughter and read her notes to jury, which relied on that information in reaching its verdict); *Moore v. State*, 172 Ga. App. 844 (324 SE2d 760) (1984) (juror studied Reader's Digest book on the law and told jurors what he had gotten from the book).

[12] See *Watkins v. State*, 237 Ga. 678, 683-685 (229 SE2d 465) (1976) (two jurors visited crime scene and presented their findings to other jurors).

discussion about the number of years the defendant was likely to serve in prison. As a result, the trial court properly denied the motion for new trial on the claim of juror misconduct during the jury's deliberations.

*Judgment affirmed. All the Justices concur, except Benham and Hunstein, JJ., who concur specially.*

BENHAM, Justice, concurring specially.

I concur fully in Division 1 of the majority opinion in this case, and in the holding in Division 2 that Glover has not adequately shown that juror Wise failed to answer honestly a question regarding his experience in law enforcement. I cannot, however, concur in the rest of Division 2 because I harbor serious doubts about the validity of the second half of the standard employed by the majority, the requirement that "a correct response would have provided a valid basis for a challenge for cause." That standard sets the stage for defendants being deprived of the valuable right to make peremptory challenges because it leaves a defendant without a remedy when false answers on voir dire conceal information on which a peremptory challenge would have been based. Therefore, I am unable to concur with the portion of the majority opinion applying that questionable standard.

I am authorized to state that Justice Hunstein joins this concurring opinion.

DECIDED SEPTEMBER 17, 2001.

*Thomas E. Stewart*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Blair D. Mahaffey, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.