### S02A1860. BROWN v. THE STATE.
(575 SE2d 505)

FLETCHER, Chief Justice.

A jury convicted Michael Brown of the malice murder of Willie Ben Nelson, Jr., aggravated assault of Gregory Ladson, and possession of a firearm during the commission of a felony.[1] Brown contends that the trial court erred in instructing the jury that it could infer his intent to kill from the use of a deadly weapon. Because of the overwhelming evidence of malice, we conclude that the improper jury charge was harmless error and affirm.

1. Brown lived in the basement apartment of Nelson's house in northwest Atlanta where they had an argument on October 26, 1999. Later that afternoon, Nelson was sitting on a retaining wall at Walter Lasseter's house and drinking beer with Lasseter and Ladson when Brown walked up and Nelson spoke to him. Brown then pulled a black handgun out of his belt and fired several times, hitting Nelson in the back and buttocks and Ladson in the arm and leg. Ladson survived the shooting, but Nelson died of internal bleeding from his gunshot wounds. Police found five .380 cartridge casings at the scene that were fired from the same pistol as the two bullets they recovered. Both Lasseter and Ladson identified Brown, whom they had known since childhood, as the shooter. When the fugitive squad attempted to arrest Brown several weeks later, Brown jumped from a second story window and suffered head injuries from his fall. Asserting an alibi defense at trial, Brown testified that he was selling crack cocaine on a nearby street at the time of the shooting and did not even own a gun. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.[2]

---

[1] The shootings occurred on October 26, 1999, and Brown was indicted on March 3, 2000. A jury found him guilty on all counts of the indictment on November 17, 2000, and the trial court sentenced him to life imprisonment for malice murder, ten years consecutive imprisonment for aggravated assault, and five years consecutive imprisonment for the firearm possession count. Brown filed a motion for new trial on December 1, 2000, which the trial court denied on June 19, 2002. Brown filed a notice of appeal on July 18, 2002; the record was filed in the clerk's office on August 20, 2002; and the case was submitted for decision without oral arguments on October 14, 2002.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. This Court in *Harris v. State*[3] held that it was error for trial courts to charge jurors that they could infer the intent to kill from the use of a deadly weapon. Subsequently, however, we have concluded that the giving of the charge is not reversible error when the evidence of malice is overwhelming.[4] In this case, Brown pulled a gun on three unarmed men with no warning or provocation and fired five times. Brown hit Nelson once. As Nelson lay on the ground, Brown continued to shoot and hit Ladson, with whom he had no dispute. Under these facts, we conclude that it is highly probable that any error in giving the *Harris* charge did not contribute to the jury's verdict of guilty.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[3] 273 Ga. 608 (543 SE2d 716) (2001).

[4] See, e.g., *Harris v. State*, 274 Ga. 422, 426-427 (554 SE2d 458) (2001).

[5] See *Rouse v. State*, 275 Ga. 605 (571 SE2d 353) (2002).