## S04A1069. COLEMAN v. THE STATE.
### (604 SE2d 151)

SEARS, Presiding Justice.

Appellant Maurice Deandre Coleman appeals his convictions for malice murder and illegal firearm possession.[1] Having reviewed the record, we conclude that pretermitting whether the trial court erred by allowing the State to impeach its own witness with a prior statement when the witness said he could not vouch for the statement's accuracy, no harm resulted from the trial court's ruling due to the overwhelming evidence of appellant's guilt. Finding no merit to appellant's other enumeration of error, and finding the evidence to be sufficient, we affirm.

In February 2000, City of Newnan police found the victim fatally shot in the head. Several days later, police recovered a .38 caliber handgun from an area near the site of the shooting. The handgun matched the type of gun used to kill the victim.

Testimony at trial established the following: In the hours preceding the killing, appellant pointed a handgun at another person. Later that night, appellant was seen walking in the direction of Camp Street with the victim and another man. Fifteen minutes later, appellant and the other man returned, this time without the victim. During this interval, a man was seen on Camp Street, arguing with the victim and then shooting the victim two times.

Prior to the killing, appellant informed others that he was "going to kill some[one]" that night. After the killing, appellant told a witness that he had "smoked" someone earlier. On the day following the killing, appellant told a witness that he had killed the victim over a money dispute, and that no one would be concerned because the victim was a derelict. Appellant repeated this same admission to the witness on a later date, while both were incarcerated.

---

[1] The crimes occurred on February 26, 2000, and appellant was indicted on June 5, 2000. Trial was held August 22-24, 2000, and appellant was found guilty on all counts. He was sentenced to life in prison for murder and five consecutive years for illegal firearm possession. Appellant's new trial motion was filed on September 13, 2000, and amended on December 8, 2003. The new trial motion was denied on December 11, 2003. Appellant's notice of appeal was filed on January 5, 2004, the appeal was docketed on March 4, 2004, and submitted for decision on the briefs.

1. The evidence of record, which includes appellant's own admissions, was sufficient to enable rational triers of fact to find appellant guilty of murder and possession of a firearm during the commission of a crime.[2]

2. On direct examination, the State questioned its own witness about whether he had heard appellant speak of killing someone on the night of the murder. Rather than responding, the witness attempted to evade answering the question. The prosecutor then produced a police report summarizing the witness's prior statement concerning what appellant had said about the murder. The witness testified that he was unsure whether the statement was accurate. Over appellant's objection, the prosecutor was then allowed to read the statement aloud for the jury.

OCGA § 24-9-81 provides that the exclusive method by which parties may impeach their own witness is by proof of a previous contradictory statement. This Code section also provides that "a party may not impeach a witness voluntarily called by him, except where he can show . . . that he has been entrapped by said witness by a previous contradictory statement."[3] Thus, before a party may impeach its own witness, the Code requires a showing that the witness made a prior statement that is inconsistent with his testimony at trial.[4]

In this case, the record shows that the witness did not give testimony that expressly contradicted his earlier statement to police, but rather stated he was unsure whether his earlier statement was accurate. Pretermitting whether, under such circumstances, a trial court errs by permitting a party to use the earlier statement to impeach the testimony of its own witness, we conclude that due to the overwhelming evidence of appellant's guilt, including his own admissions to having committed the murder, it is highly probable that admission of the witness's prior statement did not contribute to the jury's verdict in this case. Therefore, even if an error occurred, it was harmless.[5]

3. The trial court did not abuse its discretion by allowing a witness to testify about an anonymous threat he received on his answering machine the morning he was scheduled to testify. Whether to admit evidence of such a threat is within the trial court's discretion.[6] Evidence concerning the threat was not offered to prove the truth of the matters asserted, and no attempt was made to connect

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 24-9-81.

[4] *Jones v. State*, 270 Ga. 25, 27 (505 SE2d 749) (1998).

[5] *Brown v. State*, 276 Ga. 103, 104 (575 SE2d 505) (2003). See OCGA § 24-9-69.

[6] *Murray v. State*, 271 Ga. 504, 506 (5) (521 SE2d 564) (1999).

appellant with the threat. Rather, the evidence was admitted to explain the witness's evasive and extremely reluctant conduct on the witness stand. The witness refused to answer certain questions and became agitated when asked about a conversation he had with appellant. Evidence of the threat was properly admitted to explain why the witness was being difficult, which was a relevant area of inquiry at trial.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*David A. Stevens*, for appellant.
*Peter J. Skandalakis*, District Attorney, *Charles P. Boring, Anita C. Johnson*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Andrette Watson*, Assistant Attorney General, for appellee.

---

[7] *Nealy v. State*, 239 Ga. App. 651, 655 (522 SE2d 34) (1999). Compare *Fields v. State*, 260 Ga. 331, 333 (393 SE2d 252) (1990).