295 Ga. 108
FINAL COPY

S14A0312.  GREEN v. THE STATE.

HINES, Presiding Justice.

Steven James Green appeals the denial of his motion for new trial and his convictions for malice murder, burglary, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in connection with the fatal shooting of Anthony Shane Augustus and the aggravated assault of Shyrome Marshall as well as the burglary of his home.  Green claims that he was denied a fair trial due to a juror's untruthful responses to questions during voir dire and that his trial counsel rendered ineffective assistance.  Finding the juror challenge to be without merit, we affirm Green's convictions, but remand on the issue of the alleged ineffectiveness of trial counsel.[1]

---

[1] The crimes occurred on October 1, 2011.  On January 4, 2012, a Gwinnett County grand jury returned an indictment against Green and Isaac Vincente Sandoval: Count 1 – malice murder; Count 2 – felony murder while in the commission of burglary; Count 3 – felony murder while in the commission of the aggravated assault of Augustus; Count 4 – burglary; Count 5 – the aggravated assault of Marshall; Count 6 – the aggravated assault of Augustus; and Count 7 – possession of a firearm or knife during the commission of a felony.  Green was additionally indicted for Count 8 – possession of a firearm by a convicted felon. Green was tried before a jury July 16-21, 2012, and found guilty of all charges.  He was sentenced to life in prison on Count 1; a consecutive 20 years in prison on Count 5; 20 years to be served on probation on Count 4, consecutive to the sentences of incarceration; five  years to be served on probation on Count 7, consecutive to the sentences of incarceration; and 15 years to be served on probation on Count 8, consecutive to the sentences of incarceration.  The verdicts on Counts 2 and 3 stood vacated by operation of law, and that on Count 6 was found to merge with Count 1 for the purpose of sentencing. On July 31, 2012, trial counsel

The evidence construed in favor of the verdicts showed the following. On the evening of October 1, 2011, Marshall returned to his apartment; he had with him his baby boy and his friend, Augustus. Marshall carried his infant son to the apartment while Augustus retrieved items from the car in which they arrived. Marshall observed that there were no lights on in his apartment, which was unusual, and when he reached the apartment door, he saw that it had been "busted open." Marshall entered and immediately was struck 15 or 16 times by a pistol; the assault was "brutal." The assailant put the pistol to the back of Marshall's head, forced him to his knees with his hands in the air, and told him, "you know what to do, just give me the god-damn money." As Augustus was heard entering the apartment, Marshall took advantage of the distraction, reached for the pistol, and managed to "flip over" his assailant, whose face he plainly saw and whose voice he recognized as Green's. He knew Green from having been "locked up together." Marshall managed to break free and rushed to his neighbor's apartment for help. Augustus was shot in the lower abdomen. Green and Sandoval fled Marshall's apartment. The fatally wounded Augustus managed to walk out of the apartment, and get the attention of a neighbor before he collapsed.

filed a motion for new trial on Green's behalf, and then filed an amended motion for new trial on February 19, 2013. The motion for new trial, as amended, was denied on August 21, 2013. New appellate counsel filed a notice of appeal on September 17, 2013. The case was docketed in this Court's January 2014 term, and the appeal was submitted for decision on the briefs.

Augustus died as the result of a gunshot wound to the right inguinal area that transected his right femoral artery.

1. The evidence was sufficient to enable a rational trier of fact to find Green guilty beyond a reasonable doubt of all of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Green contends that the trial court erred in overruling his post-trial claim that he was denied a fair trial due to a juror's untruthful responses during voir dire. He maintains that the juror in question ("Juror"), who served on his case, answered untruthfully when he failed to respond affirmatively that he knew Green, that he had previously been prosecuted in Gwinnett County or elsewhere, and that he had previously been arrested. Green also characterizes Juror as untruthful because during general voir dire Juror indicated that he had had a bad experience with law enforcement, but subsequently denied this during individual voir dire.

Certainly, a defendant has the right to trial by a fair and impartial jury, and in pursuit of that end is entitled to exercise knowledgeable challenges; however, an incorrect response given by a potential juror on voir dire does not necessarily call for a new trial. *Jones v. State*, 247 Ga. 268, 270 (2) (b) (275 SE2d 67) (1981). The determinative question is whether there exists bias on the part of the juror which results in prejudice to the defendant. Id. If the prospective juror's response was given

3

in good faith without the deliberate intent to mislead, the trial court may well find that no prejudice resulted, even in the situation in which the lack of disclosure might have impaired the defendant's right to knowledgeably exercise a peremptory challenge. Id. The question of juror impartiality is one of both law and fact, and a trial court's findings on the question will be set aside only where manifest prejudice to the defendant has been shown. Id. Indeed, in order for a defendant to be entitled to a new trial because of voir dire examination, the defendant has to show both that the juror failed to answer honestly a material question, and that a correct response would have provided a valid basis for a challenge for cause. *Glover v. State*, 274 Ga. 213, 214 (2) (552 SE2d 804) (2001).

Juror testified at the hearing on Green's motion for new trial, as amended. Following the hearing, the trial court issued its order denying Green a new trial.[2] In so doing, the trial court made findings, which are supported by the record: post-trial investigation revealed that Juror was arrested in Gwinnett County in 2010 for kidnapping, aggravated sexual battery, and aggravated sodomy; on February 8, 2012, Juror entered a guilty plea to false imprisonment and terroristic threats and was

---

[2] The order expressly stated that Green's claim of entitlement to a new trial was premised upon Juror's failure to disclose his criminal history and arrest, and that Juror had been housed in the same Gwinnett County Detention Center pod as Green, and therefore, allegedly could have shared inadmissible evidence with his fellow jurors.

sentenced to fifteen years probation under the First Offender Act; Juror was released from custody in February 2012, approximately five months prior to serving on Green's jury; despite Juror's arrest and prosecution, he failed to respond affirmatively to related inquiries during voir dire; the evidence showed that Juror and Green were incarcerated in the same Gwinnett County Detention Center pod from November 2011 to February 2012; and Juror testified that he did not know Green, did not recall being incarcerated with him, did not consider the incarceration while deliberating on Green's case, and did not share with the other jurors any information gleaned from that incarceration. He also testified that his verdicts were based only on the evidence presented at trial. Green testified that he did not recognize Juror during the trial of his case, and that only after trial did he learn of Juror's service on his case. The trial court concluded that Juror did not act with partiality or manifest injustice toward Green in rendering his verdicts; that despite Juror's failure to appropriately respond during voir dire, he acted properly in his service as a juror on Green's case; that there was no showing that Juror had an "evil motive" or that he acted with other than the required impartiality; that there was no indication that Juror did anything during jury deliberations which was unfair or evidenced that Juror had any ulterior motives in failing to give truthful and accurate responses during voir dire; that there was no evidence indicating that Juror shared inadmissible evidence with the other jurors; and

5

that in fact, another juror testified that Juror did not share any such information.

Again, in order for Green to obtain a new trial because of Juror's inaccurate responses during voir dire, he had to show more than the inaccuracies, that is, he had to demonstrate that correct responses by the Juror would have provided a valid basis for a challenge for cause for favor.[3] Glover, 274 Ga. at 214 (2). A juror's knowledge of, or non-familial relationship with, a witness, attorney, or party provides a basis for disqualification only if it is shown that it has resulted in the juror having a fixed opinion of the accused's guilt or innocence or a bias for or against the accused. *Bester v. State*, 294 Ga. 195, 196 (2) (a) (751 SE2d 360) (2013). Compare OCGA § 15-12-135 (a).[4] And, the evidence of record does not demonstrate either Juror's preconception of Green's innocence or guilt or of any bias toward him.[5]

---

[3] Green does not claim that had Juror given more accurate responses, he would have had to be excused for principal cause for having been convicted of a felony. See OCGA §§ 15-12-40; 15-12-163 (b) (5). Indeed, as it appears that Juror was sentenced under the First Offender Act, OCGA § 42-8-60 et seq., he was not incompetent to serve as a petit juror under OCGA § 15-12-163 (b) (5). *Humphreys v. State*, 287 Ga. 63, 71 (4) (694 SE2d 316) (2010).

[4] OCGA § 15-12-135 (a) provides:
All trial jurors in the courts of this state shall be disqualified to act or serve in any case or matter when such jurors are related by consanguinity or affinity to any party interested in the result of the case or matter within the sixth degree as computed according to the civil law. Relationship more remote shall not be a disqualification.

[5] Green cites as "of relevant and controlling note" a comment by the trial court during the motion-for-new-trial hearing to the effect that Juror would have been excluded had the correct information been known; however, the trial court was bound to examine the evidence in the context

Consequently, Green was not entitled to a new trial based upon his juror challenge.

3. Green further contends that a new trial is warranted because his trial counsel was ineffective.[6]  Such a claim has to be raised at the earliest practicable moment. *Mangrum v. State*, 285 Ga. 676, 683 (12) (681 SE2d 130) (2009).  And, inasmuch as it appears that appellate counsel did not participate in the motion for new trial, as amended, there was no opportunity to raise the ineffectiveness claim prior to the appeal, and thus, the claim of ineffective assistance of trial counsel has been raised at the earliest practicable moment.  Id. Accordingly, this case is remanded to the trial court for a hearing and determination on the ineffectiveness claim.[7] Id.

Judgments affirmed in part and case remanded with direction. All the Justices concur.

---

of the law applicable to the post-conviction posture of the case.

[6] Green maintains that trial counsel was ineffective due to a conflict of interest from simultaneously representing an individual, whom he characterizes as a key State's witness, and because of trial counsel's failure to make certain objections at trial to questions and testimony involving this witness.

[7] Green has filed a motion to remand for a hearing on his claim of ineffective assistance of trial counsel, and the State has agreed that remand is required in this case.

Decided April 22, 2014.

Murder. Gwinnett Superior Court. Before Judge Ray.

G. Richard Stepp, for appellant.

Daniel J. Porter, District Attorney, Richard A. Vandever, Wesley C. Ross, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General, for appellee.