A94A1138. GRIFFIN v. THE STATE.
(449 SE2d 341)

McMURRAY, Presiding Judge.

Defendant Griffin was indicted along with co-defendants Bell, Ford, Lowe and Thomas for the murder of Dexter Harper (Count 1), the aggravated assault of Dexter Harper by shooting him with a handgun (Count 2), the aggravated assault of Henrico Morant by

shooting him with a handgun (Count 3) and felony murder of Dexter Harper during the commission of aggravated assaults upon Harper and Morant and the murder of Harper (Count 4). The evidence adduced at a joint jury trial reveals that defendant Griffin ganged with at least four others outside a bar in Southwest Atlanta and mercilessly beat Dexter Harper. Specifically, the evidence reveals that co-defendant Lowe disabled Harper with a blast from a handgun; that defendant Griffin and others then surrounded Harper and began beating him; that co-defendant Lowe stood back and directed the assailants to kill Harper; that co-defendant Lowe then discharged another bullet at Harper; and that defendant Griffin struck Harper with an object he retrieved from a nearby trash can.

The jury found defendant Griffin guilty under Count 2 of the indictment for the aggravated assault of Dexter Harper and not guilty on the remaining counts of the indictment.[1] This appeal followed the denial of defendant Griffin's motion for new trial. *Held*:

1. Defendant Griffin contends there is a fatal variance between the allegata and the probata, arguing that the State's proof that he struck Dexter Harper with his feet and fists is insufficient to support his conviction for aggravated assault by shooting Dexter Harper with a handgun as alleged in Count 2 of the indictment.

" 'While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' (Citations and punctuation omitted.) *Griggs v. State*, 208 Ga. App. 768, 769 (1) (432 SE2d 591) (1993); *Tucker v. State*, 205 Ga. App. 683, 684 (423 SE2d 422) (1992). Further, a person is a party to a crime and may be charged with and convicted of commission of the crime if he intentionally aids or abets in the commission of the crime. OCGA § 16-2-20." *Grace v. State*, 210 Ga. App. 718 (1), 719 (437 SE2d 485). In the case sub judice, Terry Michael Askew testified that he witnessed the gang-beating of Dexter Harper; that defendant Griffin was an active participant in the attack upon Harper; that the gang of men stood over Harper's body "swinging kicking and stuff" and that he heard co-defendant Lowe order his confederates to "kill [Dexter Harper]." Askew testified that he then witnessed co-defendant Lowe shoot the victim with a handgun and

---

[1] Co-defendant Bell did not appear at trial and a verdict was not entered against him. Co-defendant Ford was found guilty of the aggravated assault of Dexter Harper (Count 2, guilty of the aggravated assault of Henrico Morant (Count 3) and guilty of felony murder (Count 4). Co-defendant Lowe was found guilty of malice murder (Count 1), guilty of the aggravated assault of Dexter Harper (Count 2) and guilty of aggravated assault of Henrico Morant (Count 3). Co-defendant Thomas was found not guilty on all counts of the indictment.

that after the shooting he witnessed defendant Griffin strike Harper with an object he retrieved from a nearby trash can. This evidence is sufficient to authorize a finding that defendant Griffin is guilty, beyond a reasonable doubt, of aiding and abetting in the shooting assault of Dexter Harper as alleged in Count 2 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Cargill v. State*, 256 Ga. 252 (1), 253 (347 SE2d 559); *Johnson v. State*, 188 Ga. App. 411, 412 (2) (373 SE2d 93). Enumerations of error 1 and 3 (a) are without merit.

2. In his second enumeration, defendant contends the trial court erred in charging the jury that aggravated assault may be accomplished in a manner other than the manner alleged in Counts 2 and 3 of the indictment, i.e., by shooting Henrico Morant and Dexter Harper with a handgun.

"[I]t is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner. See *Walker v. State*, 146 Ga. App. 237 (2, 3) (246 SE2d 206) (1978); *Perkins v. State*, 151 Ga. App. 199 (2) (259 SE2d 193) (1979); *Robinson v. State*, 152 Ga. App. 296 (262 SE2d 577) (1979). Accord *Sarnie v. State*, 247 Ga. 414 (276 SE2d 589) (1981)." *Owens v. State*, 173 Ga. App. 309, 312 (4) (326 SE2d 509). In the case sub judice, defendant Griffin was charged (along with his co-defendants) for separate acts of aggravated assault in that he (along with his co-defendants) did shoot Henrico Morant and Dexter Harper with a handgun. However, the trial court charged the jury that aggravated assault could be committed in a manner other than shooting, i.e., "with any object, device, or instrument which when used offensively against a person is likely to or actually does result in serious bodily injury." The trial court then informed the jury that "the State contends that shoe-clad feet and fists were weapons used by one or more of the defendants in commission of aggravated assault." This charge was inaccurate as neither defendant Griffin nor any other co-defendant was charged for committing aggravated assault via use of shoe-clad feet or fists. Nonetheless, the State argues that these instructions did not result in a conviction against defendant Griffin for committing aggravated assault in a manner not charged in the indictment because the trial court's "charging shoe-clad feet and fists, . . . was, at worst, mere surplusage, and could apply only to the felony murder charge, of which [defendant Griffin] was *acquitted*." This argument is without merit.

Although the above instruction on aggravated assault via use of shoe-clad feet and fists was given immediately before (and apparently in context with) the trial court's charge on felony murder, there were no remedial instructions that convictions for aggravated assault would

only be authorized upon proof, beyond a reasonable doubt, that defendants committed aggravated assault by shooting Dexter Harper or Henrico Morant with a handgun as alleged in the indictment. Further, we cannot say that the trial court's charge on aggravated assault did not result in a conviction based on an act of aggravated assault other than the specific act charged in the indictment (i.e., aggravated assault by shooting Dexter Harper with a handgun) as there is more than ample evidence to support a finding that defendant Griffin committed aggravated assault in a manner other than the manner charged in the indictment. In fact, it is conceivable that the jury justified its finding that defendant Griffin is guilty under Count 2 of the indictment based on the trial court's instruction that "the State contends that shoe-clad feet and fists were weapons used by one or more of the defendants in commission of aggravated assault." Compare *Davis v. State*, 184 Ga. App. 230, 231 (2) (361 SE2d 229). See *Smith v. State*, 202 Ga. App. 664 (415 SE2d 481). Consequently, the trial court erred in denying defendant's motion for new trial.

3. In his final enumeration, defendant Griffin contends the trial court erred in allowing Terry Michael Askew's testimony that defendant Griffin was a member of the group that assaulted Dexter Harper, arguing that Askew's identification testimony was tainted by his presence at a pre-trial hearing conducted pursuant to *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401). This contention is without merit.

The controlling issue is whether Askew's presence at a pretrial hearing conducted pursuant to *Neil v. Biggers*, supra, "resulted 'in a very substantial likelihood of irreparable misidentification.' The factors to be considered in evaluating whether a very substantial likelihood of irreparable misidentification exists, under the totality of the circumstances include: '(a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, [supra].' (Punctuation omitted.) *Phillips v. State*, 204 Ga. App. 698 (2) (420 SE2d 316)." *Montgomery v. State*, 210 Ga. App. 147, 148 (3a) (435 SE2d 510). In the case sub judice, Askew positively identified defendant Griffin as one of the men who beat Dexter Harper on the night Harper was killed. Askew testified that he was involved in the street fight which led to Dexter Harper' death; that he fled to a nearby vantage point after co-defendant Low shot at him with a handgun; that he then observed defendant Griffin and others beat Dexter Harper; that he observed co-defendant Low shoot Harper during this beating and that he watched defendant Griffin walk to a nearby trash can, retrieve an object and strike Harper with the object. Askew explained that he recognized defend

ant Griffin by his height, haircut and clothing. Under these circumstances, we cannot say the trial court erred in allowing Askew's trial testimony that defendant Griffin was a member of the gang that assaulted Dexter Harper. There exists no substantial likelihood of misidentification caused by Askew's presence at a pretrial hearing conducted pursuant to *Neil v. Biggers*, supra. See *Montgomery v. State*, 210 Ga. App. 147, 148 (3a), supra.

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 7, 1994.

*Raoul Lerow*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Herman L. Sloan, Suzanne Wynn, Assistant District Attorneys,* for appellee.