A97A1349. ROWLAND v. THE STATE.
(491 SE2d 119)

BEASLEY, Judge.

Claiming ineffective assistance of counsel, failure of the court to give self-defense and affray jury charges, and insufficient evidence, Thomas Rowland appeals his conviction of aggravated assault (OCGA § 16-5-21). This follows an unsuccessful motion for new trial on these grounds.

Construed in favor of the verdict, the evidence shows that on

October 28, 1994, Rowland completed his last day of work for Southern Ambulance Builders. He and Michael Lego, with whom he had a history of confrontations, had worked there for over nine years. Within a half-hour, Rowland returned to the workplace to confront Lego about Lego's two-cent contribution to a fund for Rowland's going-away cake. As Lego emerged from the workplace, Rowland threw the two pennies at him and approached screaming. Lego retreated to his truck. Because Southern Ambulance prohibited fighting on the premises, Lego told Rowland that if he wanted to fight, they would have to go elsewhere.

Before Lego could leave, Rowland blocked his truck with Rowland's car. As Lego was trying to start his truck, Rowland approached with a utility knife (also known as a box cutter) with its razor blade exposed and threatened to cut off Lego's head. Lego backed away from Rowland, asked him to stop, and went from the driver's door around the front of the truck to the passenger's side. Rowland followed with the knife, and Lego picked up a tire iron from the back of his truck. Despite Lego's threats with it, Rowland approached. Lego dropped the tire iron, lunged at Rowland, and grabbed his wrists to overpower him. The men struggled, and Rowland bit Lego twice on the neck and cut him with the knife. Nearby witnesses pulled the two men apart after they fell to the ground.

Rowland was indicted for aggravated assault "by cutting [Lego] with [a] box cutter." His primary defense was that he never cut Lego with the knife and that Lego's injuries resulted from the two men falling to the ground. Rowland also testified that Lego invited him to fight, that he did not pull out the box cutter until he mistakenly thought he saw Lego reach into his truck for a gun, and that he held the knife down at his side and did not expose the blade until Lego threatened him with the tire iron. He conceded that he simply could have walked away at any point prior to Lego grabbing his wrists and that at least one bystander pleaded with him to cease pursuing Lego. No party submitted written jury charges. The court charged the jury with all instructions orally requested by Rowland's counsel. Nonetheless, he reserved exceptions.

At the hearing on the motion for new trial, the witnesses were Rowland, his trial counsel, and five witnesses who did not testify at trial. Finding the trial counsel's performance reasonable and any alleged errors harmless, the court denied the motion.

1. Failure to charge as to self-defense and affray is enumerated as error. Rowland argues that self-defense was his only defense and that affray should have been charged as a lesser-included offense of aggravated assault.

" 'A trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so

charge.' [Cit.]" *Gadson v. State*, 264 Ga. 280, 281 (2) (444 SE2d 305) (1994). See *Cavender v. State*, 208 Ga. App. 61, 64 (3) (429 SE2d 711) (1993) (absent written request to charge, no error in failing to charge on battery as lesser-included offense of aggravated assault). The same holds true for a charge on self-defense. *Benefield v. State*, 204 Ga. App. 87 (418 SE2d 447) (1992). The exception is where self-defense is the defendant's sole defense. Id. But where the record in an aggravated assault case reveals that the defendant denies stabbing the victim, as here, self-defense is not the sole defense, and the exception does not apply. Id.

2. Rowland claims the verdict was contrary to the weight of the evidence and to the principles of justice and equity. Such matters are left to the "sound discretion" of the trial court. OCGA § 5-5-21. See OCGA § 5-5-20; *Lisle v. Willis*, 265 Ga. 861, 864 (3) (463 SE2d 108) (1995) ("The trial court's decision on a motion for a new trial will be upheld on appeal unless it was an abuse of discretion"); *Witt v. State*, 157 Ga. App. 564, 565 (2) (278 SE2d 145) (1981) ("The denial of a new trial on the ground that the verdict is contrary to the evidence addresses itself only to the discretion of the trial judge").

Lego's testimony and the photographs of his injuries supported a finding that Rowland cut him with the box cutter. The testimony of nearby witnesses as well as Rowland's own testimony established that he aggressively pursued Lego with the box cutter despite entreaties and opportunities to stop. A new trial was not required.

3. The remaining enumerations all arise out of the claim of ineffective assistance of counsel.[1] "To be successful with [such] a claim . . ., a defendant must demonstrate that his attorney's performance was deficient and that the deficiency prejudiced the defense. To accomplish this, the defendant must overcome the strong presumption that his attorney's performance fell within a wide range of reasonable professional conduct and that the attorney's decisions were made in the exercise of reasonable professional judgment. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. [Cits.]" *Berry v. State*, 267 Ga. 476, 479 (4) (480 SE2d 32) (1997). See *Smith v. Francis*, 253 Ga. 782 (1), 783-784 (325 SE2d 362) (1985). "The burden is on the defendant to establish his claim of ineffective assistance of counsel. [Cits.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly errone-

---

[1] Rowland invokes only the Sixth Amendment to the United States Constitution, and not any rights guaranteed in the Georgia Constitution. See *Stephenson v. State*, 206 Ga. App. 273 (424 SE2d 816) (1992) (court will not sua sponte consider state constitutional standards for assistance of counsel).

ous. (Cit.)' [Cit.]" *Blackwood v. State*, 224 Ga. App. 486, 488 (2) (480 SE2d 914) (1997).

(a) The first question is whether trial counsel was ineffective in failing to request a jury charge on self-defense. Counsel explained that because the primary defense was that Rowland did not cut Lego, arguing self-defense would have been inconsistent, for self-defense seeks to justify or excuse the wrongful act, and here the wrongful act was denied. Rowland testified that he also understood this was his primary defense.

Nevertheless, he argues that trial testimony showed that in fact he acted in self-defense (e.g., Lego was bigger, Rowland did not pull out the box cutter until he thought Lego was reaching for a gun, Rowland did not expose the blade of the box cutter until Lego threatened him with the tire iron, etc.). Rowland maintains that a defense that he did not cut Lego was doomed, for the aggravated assault statute does not require that actual cutting or physical contact occurred, but only that Rowland used the knife to place Lego in reasonable apprehension of immediately receiving a violent injury. See OCGA § 16-5-21 (a) (2).

Trial counsel explained that the indictment, which specifically alleged that Rowland committed the aggravated assault when he cut Lego with the box cutter, did not allege a threat to use the knife and thus required proof of actual cutting, else the proof would vary fatally from the indictment. The trial court in fact charged the jury that to convict Rowland the State was required to prove every material allegation in the indictment beyond a reasonable doubt.

Counsel was correct. "The proof at trial must correspond with the allegations [of the indictment] so that defendants are notified of the charges brought against them. This notice enables them to present their defense without surprise and to protect them against a second prosecution for the same offense." (Footnote omitted.) *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995). Thus, " '(i)f an indictment alleges particular facts as constituting an element of the charged crime, there is a variance if the trial judge admits evidence that makes out the element in a different manner.' [Cit.]" *Walker v. State*, 146 Ga. App. 237, 242 (1) (b) (246 SE2d 206) (1978).

In aggravated assault cases, the jury can convict based only on "the specific act charged in the indictment (i.e., aggravated assault by shooting [the victim] with a handgun)." *Griffin v. State*, 214 Ga. App. 813, 816 (2) (449 SE2d 341) (1994). In *Griffin* there was a fatal variance because the evidence was that defendant attacked the victim with shoe-clad feet and fists. The conviction in *Blige v. State*, 208 Ga. App. 851 (2), 852-853 (432 SE2d 574) (1993), was reversed because the indictment charged assault with a wall clock whereas the jury charge was assault with intent to rob *or* assault with a wall

clock. A mere showing that Rowland threatened Lego with the box cutter would have fallen short of the indictment's charge of cutting Lego with the box cutter. Trial counsel could reasonably defend this charge with the argument that no cutting occurred. Thus, the court did not err in finding no deficiency in counsel's professional judgment and conduct.

(b) Arguing next that counsel was ineffective in failing to request a jury charge as to the misdemeanor of affray, Rowland asserts that affray is a lesser-included offense of aggravated assault. "Affray, as statutorily defined, is not a lesser included offense of aggravated assault or even simple battery." *Haun v. State*, 189 Ga. App. 884, 885 (3) (377 SE2d 878) (1989).

(c) Rowland complains that counsel failed to instruct him regarding his right not to testify and to prepare him properly for his testimony and cross-examination. Trial counsel testified that he told Rowland of his right and that he met with Rowland before trial and told him to tell the truth, to dress appropriately, to keep his answers short and simple, to avoid testifying on tangential subjects, to expect tough questions on cross-examination, and to explain his answers if necessary. This, and other aspects of trial preparation shown by the evidence, does not constitute ineffective assistance.

(d) Ineffective assistance is claimed in the failure to subpoena witnesses and to interview them in sufficient time for proper preparation and presentation of the defense. Counsel testified he subpoenaed all witnesses identified to him by Rowland. Further, Rowland told counsel that subpoenas were unnecessary, for Rowland would have the witnesses come in any case. Three of the five "missing" witnesses in fact came to trial and were interviewed by counsel beforehand. Rowland never identified to counsel another alleged "missing" witness. No ineffective assistance appears.

(e) Rowland states that trial counsel was ineffective in failing to call these five witnesses to testify on his behalf, but only three came to trial. One told counsel he had seen Rowland expose the blade from the outset, which would have contradicted the defense testimony that the blade was not exposed until the tire iron was raised. Another told counsel he could not see what was in Rowland's hand. The remaining three witnesses could give only cumulative testimony and might have undermined Rowland's defense. In view of their limited value, counsel decided not to call these witnesses so that he could argue to the jury last, which he considered a "very coveted advantage." The trial court's finding that trial counsel acted within the range of professional conduct and judgment was not clearly erroneous.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 8, 1997.

*Wesley T. Leonard*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.